UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID LEWIS, | ) | 1: 05 CV F-0173 REC DLB P |
| Plaintiff, | ) | ORDER RE COMPLAINT |
| v. | ) | |
| E. ALAMEIDA, et.al., | ) | |
| Defendants. | ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983.  Pending before the Court is Plaintiff's complaint transferred to this Court on January 14, 2005.  This proceeding was referred to this Court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Plaintiff names E. Alameida, the Director of the California Department of Corrections, D. Adams, Warden at California Substance Abuse Treatment Facility("CSATF") at Corcoran and O.A. Ybarra, Correctional Officer as defendants in this action. Plaintiff alleges that his Due Process and Equal Protection rights have been violated. He alleges that on December 13, 2001, he turned in his "Etched TV" to be sent home by way of UPS mail. He alleges that on January 8, 2002, defendant Ybarra found out about the property and took it without proper authorization from the outgoing mail of the prison mail room. Plaintiff alleges that Ybarra did not provide proper notice. He alleges that on March 19, 2002 and August 5, 2002, it was found that plaintiff was authorized to send his Etched TV home at his own expense; however, Ybarra still refused to allow plaintiff to send it home. Plaintiff contends that his appeal was denied at the Director's level in violation of the Rules and Regulations and Institutional Procedures.

An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984)(citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). Plaintiff's allegations against defendants Ybarra and Adams are sufficient to state cognizable claims for relief for violation of his due process rights.

Plaintiff fails to state a cognizable claim for relief against defendant Alameida, the Director of the California Department of Corrections. Supervisory personnel, are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th

Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff fails to make such allegations against defendant Alameida and therefore the claims against him must be dismissed.

Plaintiff also fails to state a cognizable claim for relief for violation of equal protection of the law. "The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must allege and that defendants acted with intentional discrimination against a class of inmates which included plaintiff. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied 525 U.S. 1154 (1999); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "'Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.'" Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) citing Personnel Adm'r of Massachusetts v. Feeney, 442 U.S. 256, 279 (1979).

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must allege and that defendants acted with intentional discrimination against a class of inmates which included

plaintiff. Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991). While plaintiff makes the conclusory statement that he has been denied equal protection of the law, he fails to make sufficient factual allegations to support this claim.

In summary, the Court finds that plaintiff has stated cognizable claims for relief against defendants Adams and Ybarra for violation of his due process rights. However, he has failed to state a cognizable claim for relief against defendant Alameida and he has failed to state a claim for violation of his right to equal protection of the law. The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint if he chooses to do so. If plaintiff does not wish to file an amended complaint and wants to proceed in this action against defendants Adams and Ybarra only, he must notify the Court and the action will proceed accordingly.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. The Clerk's Office shall send plaintiff a complaint form;

3. Within 30 days, plaintiff must either file an amended complaint as explained in this order or notify the Court that he wants to proceed against defendants Adams and Ybarra only.

4. Failure to comply with this order will result in dismissal of this action for failure to state a claim and failure to comply with the court's order.

IT IS SO ORDERED.

**Dated:   June 10, 2005**              /s/ Dennis L. Beck
3b142a                                UNITED STATES MAGISTRATE JUDGE