IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K, LEWIS,<br><br>            Plaintiff,<br><br>    vs.<br><br>ALAMEIDA, et. al.,<br><br>            Defendants.<br>_____/ | CASE NO. CV-F-05-0173 AWI DLB P<br><br>FINDINGS AND RECOMMENDATIONS<br>RE DENIAL OF CROSS MOTIONS<br>FOR SUMMARY JUDGMENT<br><br>[Docs. 35 and 40] |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was transferred to this court on January 14, 2005. On September 19, 2005, the District Court adopted the undersigned's recommendation that this case proceed on plaintiff's claims against defendants Adams and Ybarra for violation of plaintiff's due process rights. Now pending before the court is plaintiff's motion for summary judgment filed May 30, 2006 and defendants' cross motion for summary judgment, filed July 20, 2006. On November 15, 2006, plaintiff filed an opposition to defendants' motion for summary judgment.

I.  Plaintiff's Allegations

    Plaintiff alleges in his complaint and for the purposes of this motion defendants do not dispute, that on December 15, 2001, he attempted to send his television, which was etched with various pictures, out of the California Substance Abuse Treatment Facility (SATF) but defendant Ybarra confiscated it. Ybarra issued plaintiff a disciplinary report on January 8, 2002, for misuse/altercation

of personal property, with a value exceeding $400. On March 19, 2002, the disciplinary hearing officer found plaintiff guilty of the lesser offense of altering personal property with a value less than $400.00 but more than $50.00 and stated that Lewis was to be permitted to send the television out of the prison. Defendant Ybarra gave plaintiff an investigation report, dated March 11, 2002, that concluded that plaintiff was conducting a business in violation of prison regulations and that the television should be confiscated as contraband. Plaintiff contends that he was denied his right to send his television home in violation of his due process rights. Plaintiff seeks compensatory and punitive damages.

II.   Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may

not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

///

A.  Plaintiff's Motion for Summary Judgment

For purposes of plaintiff's motion for summary judgment, plaintiff offers and defendants do not dispute the following facts:

1. Plaintiff attempted to send his altered personal property (TV) home at his own expense.
2. Defendants Ybarra confiscated plaintiff's altered property on January 8, 2002.
3. Plaintiff received a Rules Violation Report, specific act: Misuse/Alter Personal Property over $400.00. The findings of which were: Guilty of a lesser but included charge of, Misuse and Altered personal property over $50.00 and disposition of which was: Senior hearing officer (SHO) chose to mitigate Division "B"(5) charge and reduce it to Division "E1" and "(4) Afford Lewis to mail home this property pursuant to CCR 3006 and 3190(c). Lewis has chosen to mail the TV set home.
4. The Director of Cal.Dept. Of Corrections has established and set forth Rules and Regulations that govern Contraband, CCR Title 15, § 3191, with a subsection (c) which denotes the disposition selections for the disposal of personal property unauthorized pursuant to Section 3006.
5. From the date plaintiff's altered television was confiscated to the date of this motion, plaintiff has been denied his choice to send his property home at his own expense.

Plaintiff contends that he is entitled to judgment as a matter of law because defendants failed to follow prison regulations, which plaintiff contends allowed him to send his television out of the prison. He argues that state officials are required to follow their own rules and the failure to do so violated his due process rights.

While defendants do not dispute the above facts, they deny that § 3191 provides the exclusive procedure for disposition of altered property and allege that section 3006 permits the permanent confiscation and destruction of altered personal property. *See* Defendants' Response to Statement of Undisputed Facts, Fact No. 4.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional

4

deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a . . . property interest.'" Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1995) (internal quotations and citations omitted). "However, when the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." Id. "[G]overnmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional due process requirements of individual notice and hearing; general notice as provided is sufficient." Id. at 1260-61.

As the party moving for summary judgment, plaintiff bears the initial burden of setting forth evidence establishing beyond controversy the elements of his due process claim. Plaintiff has not done so. While plaintiff contends he was denied due process because defendants failed to follow their own regulations, defendants contend the regulations permitted the permanent confiscation and destruction of altered personal property. Thus, plaintiff has not established that he is entitled to judgment as a matter of law and his motion for summary judgment must be denied.

B.     Defendants' Cross Motion for Summary Judgment

In their motion for summary judgment, citing Parratt v. Taylor, 451 U.S. 527, 543 (1981), defendants argue that "a claim that a prisoner was deprived of property due to the negligent actions of prison officials does not state a claim for violation of the Fourteenth Amendment if there is an adequate post-deprivation remedy made available by the State." Defendants interpret plaintiff's claim as the taking of property in violation of prison policy. Defendants note that "Lewis alleges that there is no prison regulation that permits the confiscation of personal property as contraband, without allowing a

5

prisoner to send the property home." Defendants therefore argue they are entitled to summary judgment because plaintiff's relies on a theory that the taking of his television was an unauthorized taking and California provides an adequate post-deprivation remedy. Defendant correctly states the law as it applies to unauthorized deprivations of property. This action, however, involves allegations of the authorized deprivation of property.

In their argument, defendants quote plaintiff's statement, in which he states that defendant "confiscated" his property. While plaintiff also accuses defendant of theft of the television, it appears to the court that plaintiff is describing an authorized taking of his television. In his statement of undisputed facts, plaintiff states that "Defendant Ybarra confiscated Plaintiff's altered television on January 8, 2002." Defendants do not dispute this fact. *See* Defendants' Response to Statement of Undisputed Facts, Fact No. 2. Plaintiff is not an attorney and is not held to the same standard that an attorney would be. Thus, plaintiff's use of the word "theft," alone, does not signify that this is an action involving the "unauthorized" deprivation of property, as that term is understood in Fourteenth Amendment jurisprudence. Plaintiff alleges and defendants do not deny that after he submitted the television for return home, it was confiscated and plaintiff was issued a rules violation report. In the Rules Violation Report, defendant Ybarra states, "I arrived at Receiving and Release (R&R) unit and inspected the TV, it was immediately confiscated per CCR Title 15. 3000, 3006(c)(3), 3010, 3011, due to the fact that there are no hobby programs currently at CSATF, and the state materials were used to illegally etch the TV in question. It was also confiscated due to some of its obscene depictions of sex, as per CCR Title 15. 3006(c)(3)(15)(A)(B)(C)(1), due to some of the etched drawing that meets the aforementioned criteria." Declaration of David Lewis in Support of Summary Judgment, Ex. "D." While plaintiff challenges the failure to grant him the option to send the television home, the "taking" of the property was authorized. Indeed, in opposition to plaintiff's motion for summary judgment, defendants contend there is an alternative regulation that permits the permanent confiscation and destruction of altered personal proeprty. *See* Defendants' Response to Plaintiff's Statement of Undisputed Facts, Fact No. 4. Looking at the record as a whole, this action involves the authorized deprivation of property.

In Parratt v. Taylor, 451 U.S. 527 (1981), ". . . the Supreme Court held that. . ." when a

6

1  "... deprivation is the result of random, unauthorized and negligent conduct by state officials and where it is either impracticable or impossible for the state to provide preventative process because the state cannot have foreseen the potential deprivation," the state may satisfy the constitutional requirements for hearing through post-deprivation process. <u>Piatt v. MacDougall</u>, 773 F.2d 1032, 1036 (9th Cir. 1985)(citing to <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981)). The Ninth Circuit held that <u>Parratt</u> does not apply to cases "... in which that state official is acting pursuant to a state policy and deliberately carrying out what appears to that official to be proper procedures." <u>Piatt v. MacDougall</u>, 773 F.2d 1032, 1036 (9th Cir. 1985).

Plaintiff alleges and defendants do not dispute that they confiscated plaintiff's television in connection with the issuance of a Rules Violation Report. Defendants are the moving party and bear the burden of demonstrating the absence of a genuine issue of material fact. Because the Court has determined that defendants' are arguing an inapplicable legal standard, defendants have not met this burden. Accordingly, the court recommends that defendants' motion for summary judgment as filed, be denied, without prejudice to renewing the motion under the proper legal standards.

Accordingly, it is HEREBY RECOMMENDED that plaintiff's motion for summary judgment be DENIED and defendants' cross motion for summary judgment be DENIED. It is also recommended that the deadline for filing dispositive motions be extended to May 1, 2007.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 24, 2007**        /s/ **Dennis L. Beck**
3b142a                               UNITED STATES MAGISTRATE JUDGE