**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID K, LEWIS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALAMEIDA, et. al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. CV-F-05-0173 AWI DLB P<br><br>FINDINGS AND RECOMMENDATIONS RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[Doc. 58] |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was transferred to this court on January 14, 2005. On September 19, 2005, the District Court adopted the undersigned's recommendation that this case proceed on plaintiff's claims against defendants Adams and Ybarra for violation of plaintiff's due process rights. On March 16, 2007, the District Court adopted the undersigned's recommendation that the parties' cross motions for summary judgment be denied without prejudice. In doing so, the court extended the dispositive motion deadline. Now pending before the court is defendants' second motion for summary judgment, filed April 30, 2007. On May 9, 2007, plaintiff filed an opposition to defendants' motion for summary judgment and on June 6, 2007, defendants filed a reply. On June 22, 2007, plaintiff filed a sur-reply to defendants' motion for summary judgment.

I.　　Plaintiff's Allegations

　　Plaintiff alleges in his complaint and for the purposes of this motion defendants do not

dispute, that on December 15, 2001, he attempted to send his television, which was etched with various pictures, out of the California Substance Abuse Treatment Facility (SATF) but defendant Ybarra confiscated it. Ybarra issued plaintiff a disciplinary report on January 8, 2002, for misuse/altercation of personal property, with a value exceeding $400. On March 19, 2002, the disciplinary hearing officer found plaintiff guilty of the lesser offense of altering personal property with a value less than $400.00 but more than $50.00 and stated that Lewis was to be permitted to send the television out of the prison. Defendant Ybarra gave plaintiff an investigation report, dated March 11, 2002, that concluded that plaintiff was conducting a business in violation of prison regulations and that the television should be confiscated as contraband. Plaintiff contends that he was denied his right to send his television home in violation of his due process rights. Plaintiff seeks compensatory and punitive damages.

Plaintiff filed a motion for summary judgment on May 31, 2006 arguing that prison policy required that he be allowed to send his televison to someone outside the prison. Defendants filed an opposition and cross-motion for summary judgment contending that because plaintiff asserted that the confiscation was in violaiton of prison policy, they were entitled to judgment because plaintiff had an adequate state remedy for the recovery of damages for wrongfully confiscated property. In denying the cross motions, the Court determined that plaintiff's claim was that his property was confiscated pursuant to established prison regulations and therefore defendants' argument was inapplicable. The court therefore denied the motion without prejudice to defendants renewing the motion under the proper legal standards.

Defendants bring the present motion arguing they are entitled to summary judgment on the grounds that plaintiff's claim is barred because he has twice litigated the same claims and judgment has been entered against him; and on the grounds that plaintiff did received due process in the confiscation of his television.

II.     Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of

>     the basis for its motion, and identifying those portions of "the pleadings,
>     depositions, answers to interrogatories, and admissions on file, together
>     with the affidavits, if any," which it believes demonstrate the absence of
>     a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings

and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

III.   Defendants' Motion for Summary Judgment

   A.   Undisputed Facts

   The following facts are undisputed:

   1.   At the times alleged in the complaint, plaintiff was confined at the California Substance Abuse Treatment Facility (SATF).

   2.   On January 8, 2002, defendant Ybarra confiscated a televison set Lewis was attempting to send out of the prison. The attempt to mail out the televison was brought to the attention of the Institutional Gang Investigator (IGI) because it had been altered by etching it with what appeared to be gang affiliation drawings.

   3.   The televison was confiscated by defendant Ybarra because altering personal property violates regulations of the Department of Corrections and Rehabilitation.

   4.   The etchings also included other logos of the Oakland Raiders and Harley Davidson Motorcycles.

   5.   An investigation was conducted into Lewis' possession of the televison. Defendant

4

|   |   |   |
|---|---|---|
| 1 |  | Ybarra concluded that Lewis was conducting a business, in violation of Department |
| 2 |  | regulations. |
| 3 | 6. | On March 14, 2002, defendant Ybarra issued Lewis a rules violation report for |
| 4 |  | misuse/altering personal property, of a value over $400. |
| 5 | 7. | On April 3, 2002, Lewis was found guilty of the lesser offense of altering personal |
| 6 |  | property in excess of $50 in value.  Lewis was assessed a sixty day loss of credit and the |
| 7 |  | television was to be disposed of pursuant to established policies and procedures. |
| 8 | 8. | The hearing officer also directed: "afford Lewis to mail home this property pursuant to |
| 9 |  | CCR 3006 and 3190(c)." |
| 10 | 9. | The March 14, 2002, rule violation report was reversed and ordered reheard. |
| 11 | 10. | A second rule violation report was issued on July 29, 2002.  Lewis was again charged |
| 12 |  | with altering personal property in excess of $400 in value. |
| 13 | 11. | At the second disciplinary hearing, Lewis testified that he did alter the television but |
| 14 |  | denied that he was conducting a business.  Lewis asked to be able to send the televison |
| 15 |  | home. |
| 16 | 12. | Lewis was found guilty of the lesser offense of altering personal property of less than |
| 17 |  | $400 in value.  The hearing officer did not order any disposition of the televison; |
| 18 |  | however, in the evidentiary findings, the officer stated that the televison should be sent |
| 19 |  | home at plaintiff's expense. |
| 20 | 13. | Lewis filed an administrative appeal, contending that he should be permitted to send the |
| 21 |  | televison set home, or if it was lost, damaged or destroyed, that he should be reimbursed |
| 22 |  | in the amount of $2500.  Lewis was interviewed as part of the appeal process. |
| 23 | 14. | On December 19, 2003, Lewis filed a petition for writ of habeas corpus in Kings County, |
| 24 |  | case number 03W0051B, challenging the confiscation of the etched television set.  Lewis |
| 25 |  | contended that his Fifth and Fourteenth Amendment rights to due process and equal |
| 26 |  | protection had been violated. |
| 27 | 15. | The court denied Lewis' petition for writ of habeas corpus on Marcy 4, 2004.  The court |
| 28 |  | stated in part: |

5

> It is the court's view that it is not only reasonable for the respondent to dispose of the television, it would be a total absurdity to order it sent home, as this would allow the obscene depictions to be further published and permit the contraband to be converted to cash. Petitioner seeks to have this court foster and reward his misconduct. We decline to do so.

16. On April 16, 2004, Lewis filed a civil action in Kings County Superior Court, case number 04CV0706, challenging the confiscation of the etched television. Lewis contended that his Fifth and Fourteenth Amendment rights had been violated. Defendants Ybarra and Adams were defendants in that action.

17. Judgment was entered for Defendants Ybarra and Adams and against Lewis on June 17, 2005.

Plaintiff contends that defendants failed to follow prison regulations which allow him to send his television out of the prison. He argues that state officials are required to follow their own rules and the failure to do so violated his due process rights.

Defendants contend they are entitled to summary judgment on the grounds that plaintiff's claims are barred by two prior judgments and plaintiff received due process.

B. Discussion

1. Res Judicata

The doctrine of res judicata is used to refer to the binding effect of a judgment in a prior case on the claims or issues in pending litigation. "In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve the same 'claim' as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies." Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993)(citing to Blonder-Tongue Labs., Inc. v. University of Illinois Found. et al., 402 U.S. 313, 323-24 (1971)). Issue preclusion may apply in a federal civil rights proceeding and a prior state court judgment may have full preclusive effect even if plaintiff had no opportunity to litigate in federal court. Hawkins v. Risley, 984 F. 2d. 321, 323 (9th Cir. 1993). A litigant may be collaterally estopped from relitigating the same claim in federal court where there was a full and fair opportunity to litigate the claim, premised on the same facts and litigated in state court. See Silverton v. Department of the

6

1  Treasury of the United States, 644 F.2d 1341, 1346 (9th Cir. 1981).

2        Identical to his claim in the present action, in plaintiff's state court petition for writ of habeas
3  corpus, he alleged that his due process rights were violated when he was not allowed to send his
4  confiscated television home.  DUF 14.  The court summarily denied the petition for failure to state
5  sufficient facts to establish a prima facie case for relief.  DUF 15.  While plaintiff's habeas petition
6  involved a different "claim" in terms of the relief sought, the allegation that the failure to allow plaintiff
7  to send his televison home pursuant to the regulations violated plaintiff's due process rights was actually
8  litigated and a final judgment was entered on the merits.  Plaintiff is therefore precluded from re-
9  litigating the same issue, namely the denial of his due process rights, in this action based on the prior
10 denial of his petition for writ of habeas corpus.  Defendants motion for summary judgment should be
11 granted on this basis.

12       Plaintiff also filed a state court civil action, Kings County Superor Court Case No. 04CV0706
13 against defendants claiming that "Defendants have deprived plaintiff of his personal property in violation
14 of his Due Process Rights . . ."  DUF 16.  Judgment was entered for defendants Ybarra and Adams and
15 against Lewis on June 17, 2005.  DUF 17.  However, judgment was entered after the court sustained
16 defendants' demurrer and granted plaintiff leave to file an amended complaint, which he did not do.  The
17 court therefore dismissed the action on that basis.  It is unclear whether this was a decision on the merits
18 and therefore the state court civil action does not preclude plaintiff from bringing the present suit.

19       2.    Due Process

20       The Due Process Clause protects prisoners from being deprived of property without due process
21 of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their
22 personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  An authorized, intentional
23 deprivation of property is actionable under the Due Process Clause.  See Hudson v. Palmer, 468 U.S.
24 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones,
25 754 F.2d 1521, 1524 (9th Cir. 1985).  An authorized deprivation is one carried out pursuant to
26 established state procedures, regulations, or statutes.  Logan v. Zimmerman Brush Co., 455 U.S. at 436;
27 Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832
28 F.2d 1142, 1149 (9th Cir. 1987).  Authorized deprivations of property are permissible if carried out

pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

"'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a . . . property interest.'" Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1995) (internal quotations and citations omitted). "However, when the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." Id. "[G]overnmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional due process requirements of individual notice and hearing; general notice as provided is sufficient." Id. at 1260-61.

Defendants argue that plaintiff received due process because he was afforded a disciplinary hearing in which he had full and fair opportunity to contest the confiscation of his television. Defendants argue that due process was satisfied by giving plaintiff notice and an opportunity to be heard. See Krug v. Lutz, 329 F.3d 692 (9th Cir. 2003)

Plaintiff does not dispute that he altered the television, thereby making it contraband and subjecting him to disciplinary action nor does plaintiff deny that he was given due process at the disciplinary hearing. Plaintiff's Opposition p 7-8. Plaintiff argues that his due process rights were violated when defendant Ybarra refused to allow him to send his altered property home at his own expense, after his disciplinary hearing, as authorized by Title 15, section 3191(c). Plaintiff argues that section 3191(c) requires inmates to be given the option to send home, "unauthorized personal proeprty" which includes property unauthorized pursuant to section 3006 (contraband).

While it is undisputed that plaintiff was provided notice and an opportunity to be heard, the applicable regulations appear to require more. Section 3191provides that an inmate shall select one of the methods provided therein for disposing of personal property which is unauthorized pursuant to susebtion (b) and sections 3006 and 3190. In addition, some courts have held that due process requires prison authorities to provide the inmate with the opportunity to dictate where to send the property. See Searcy v. Simmons, 299 F.3d 1220, 1229 (10th Cir. 2002); Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991). It is unclear why plaintiff was not given the opportunity to send his property home as recommended by the hearing officer and as the regulations seem to require. Defendants do not address

this issue and consequently the Court cannot find as a matter of law that plaintiff was provided due process in connection with the confiscation of his property.

IV.     Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that plaintiff's motion for summary judgment be DENIED on the grounds that plaintiff received due process in connection with the confiscation of his televison but nevertheless be GRANTED  on the grounds that plaintiff previously litigated this claim and judgment has been entered against him.  Thus, the court recommends that judgment be entered in favor of defendants and against plaintiff, concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 23, 2008**                    /s/ **Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE